UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA STONESTREET,              )
                                  )
        Plaintiff,                )        CIVIL ACTION
   v.                             )        NO. 09-11580-PBS
                                  )
GARY H. KREPPEL, et al.,           )
                                  )
        Defendants.               )

**MEMORANDUM OF DECISION AND
ORDER ON PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND TO RENEW INJUNCTION**

March 10, 2010

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on the plaintiff's "Motion to Reconsider" (Docket No. 37) and on the plaintiff's "Motion to Renew Injunction Based on the Merits of the Case" (Docket No. 39). By her motion to reconsider, the plaintiff, Melissa Stonestreet ("Stonestreet"), seeks reconsideration of the District Court's order allowing the unopposed motion of Gary H. Kreppel and the Law Office of Gary H. Kreppel (collectively, the "Kreppel defendants") to dismiss, and requests that this court reopen her case so that she may pursue her claims against the Kreppel defendants and defendant Arrow Financial Services ("Arrow"). By her motion to renew injunction, the plaintiff seeks a preliminary injunction precluding the defendants from pursuing collection activities against her in connection with a contested debt obligation pending the

resolution of this case. She also requests an order consolidating the hearing on her request for an injunction with a trial on the merits.

After consideration of the parties' submissions and their oral arguments, this court finds that any consideration of a motion to dismiss should be based on the merits, and that this action was dismissed prematurely. Accordingly, and for the reasons detailed below, the plaintiff's motion for reconsideration and to reopen her case is ALLOWED. The parties shall comply with the schedule for completing discovery and filing dispositive motions that is set forth herein. The motion to renew injunction is ALLOWED IN PART and DENIED IN PART. Specifically, the plaintiff's request to have the hearing on the motion for a preliminary injunction consolidated with a trial on the merits is allowed, but the motion is denied to the extent the plaintiff is seeking immediate injunctive relief.

## II.  BACKGROUND

On September 23, 2009, Stonestreet initiated this action against Arrow and the Kreppel defendants. By her amended complaint, Stonestreet claims, in essence, that the defendants violated the Fair Debt Collection Practices Act and otherwise acted unlawfully by pursuing a debt collection action against her in the Wareham District Court and by taking steps to collect the debt after a default judgment was entered against her in the state court action. (See Docket Nos. 1 & 9). On September 23, 2009, the plaintiff also filed a "Motion for Injunction." By her motion, Stonestreet sought relief in the form of a preliminary injunction precluding the defendants from collecting amounts allegedly owed by the plaintiff prior to a judgment in the instant action. Additionally, Stonestreet

requested that the hearing on her motion for a preliminary injunction be consolidated with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).  (Docket No. 6).  In an Order dated October 9, 2009, the District Court stated that it would "rule on the plaintiff's first motion for injunctive relief (#6), filed on September 23, 2009, after the defendants have responded to the complaint."  (Docket No. 21 at 2-3).  At the time the Court issued its October 9, 2009 Order, the defendants had not yet been served with the complaint.  (See id. at 2).

Stonestreet's initial efforts to complete service of process on Arrow were unsuccessful due to Arrow's refusal to accept service of a summons that did not contain the designation "LLC" as part of the defendant's name.  (See Docket No. 24).  Accordingly, on November 30, 2009, this court ordered that a new summons be issued in the name of "Arrow Financial Services LLC," and that the plaintiff complete service in accordance with prior orders of the court.  A new summons was issued on December 1, 2009, and mailed to the plaintiff with a form for service by the United States Marshal. (See Docket dated 12/01/2009).

Shortly thereafter, on December 11, 2009, a notice of appearance was filed by an attorney for the Kreppel defendants.  (Docket No. 25).  On that same date, the Kreppel defendants filed a motion to dismiss by which they were seeking, inter alia, an order dismissing the claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket No. 32 (originally entered as Docket No. 26)).  The plaintiff failed to file a timely response to the motion, and on January 6, 2010, the District Court issued an electronic Order in which it

ruled that "[t]he Motion to Dismiss is allowed without objection. The remaining requests for relief are denied." (Docket dated 01/06/2010). Notably, the District Court did not address the Kreppel defendants' motion to dismiss on the merits.

On January 6, 2010, the District Court also entered an order of dismissal, which provided as follows: "In accordance with the Court's allowance of the Defendant's Motion to Dismiss on 1/6/2010, it is hereby ORDERED that the above-entitled action be and hereby is dismissed." (Docket No. 33). Consistent with this ruling, on January 7, 2010, the District Court entered an Order denying Stonestreet's motion for a preliminary injunction without addressing the substance of the motion. (Docket dated 01/07/2010). It is clear that at the time it issued these orders, the District Court did not realize that Arrow had been served, but not yet appeared in the case. On January 22, 2010, two lawyers entered their appearances on behalf of Arrow. (Docket Nos. 35 & 36).

### III. DISCUSSION

#### A. Plaintiff's Motion for Reconsideration

Stonestreet has moved for reconsideration of the District Court's order allowing the Kreppel defendants' motion to dismiss and for an order reopening the case. This court finds that there is both a legal basis and a factual basis for granting the plaintiff relief.

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Aybar

v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)).  However, it "does not provide a vehicle for a party to undo its own procedural failures," and it "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  Id. (quoting Moro, 91 F.3d at 876).

As detailed above, in allowing the Kreppel defendants' motion to dismiss, the District Court did not issue a ruling on the merits.  Rather, because Stonestreet failed to file a timely response to the motion, the District Court allowed the motion "without objection."  Even where a motion to dismiss is unopposed, the District Court is obligated "to examine the complaint itself to see whether it is formally sufficient to state a claim."  Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003).  In doing so, the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences.  See id.; Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  Thus, although Stonestreet waived any specific objections to the motion by failing to file an opposition, it would be appropriate for the court to analyze the sufficiency of the allegations in her complaint.

The record also reveals that at the time the District Court issued its order of dismissal, Arrow had yet to appear in the action.  Consequently, even if the Kreppel defendants had been entitled to a dismissal on the merits, the record demonstrates that the case was terminated prematurely.  Therefore, the plaintiff's motion for reconsideration and to reopen is ALLOWED.

As agreed at oral argument, this court will not issue a ruling on the Kreppel defendants' pending motion to dismiss. Rather, the motion (Docket No. 32) is deemed to be WITHDRAWN WITHOUT PREJUDICE, and the parties shall comply with the following schedule for the completion of expedited discovery and the filing of dispositive motions:

- A. By **March 15, 2010**, the plaintiff shall produce to the defendants copies of all relevant documents in her possession. The plaintiff has represented that she is not seeking any additional discovery beyond the automatic discovery required by the Rules.

- B. The defendants shall complete any additional discovery by **April 15, 2010**.

- C. The defendants shall file any dispositive motions by **May 3, 2010**. The plaintiff shall file a response to any such motions within **21 days** from the date of filing of the motion, which may include a cross-motion for dispositive relief.

- D. Any concise statement of material facts that is filed pursuant to Local Rule 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts.

**B.**     **Plaintiff's Motion to Renew Injunction**

In addition to her motion for reconsideration, the plaintiff has filed a Motion to Renew Injunction in which she is seeking to renew her request for a preliminary injunction precluding the defendants from pursuing debt collection activities against her pending the resolution of this action and for an order, pursuant to Fed. R. Civ. P. 65(a)(2), consolidating the hearing on her motion for an injunction with a trial on the

merits.  The motion is ALLOWED IN PART and DENIED IN PART.  Because the case was dismissed prematurely prior to the appearance of Arrow and without an evaluation of the substance of Stonestreet's motion for a preliminary injunction, this court finds that the plaintiff is entitled to have her motion for preliminary injunctive relief determined on the merits.  However, the plaintiff has failed to establish the existence of irreparable harm.  Therefore, her motion is denied to the extent she is seeking immediate relief.  With respect to Stonestreet's request to have her motion for an injunction decided along with the merits of her case, this court finds that consolidation would achieve resolution of this case in an efficient manner.  Accordingly, the plaintiff's request for consolidation is allowed.

The First Circuit has "crafted a four-part framework for use in determining whether the grant or denial of preliminary injunctive relief is appropriate."  Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).  Thus, when confronted with a motion for preliminary injunction, "trial courts must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest."  Id.  See also Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) (setting forth four-part analytical framework).  The burden is on the moving party to establish that consideration of these factors supports the issuance of a preliminary injunction.  See

Charlesbank Equity Fund II, 370 F.3d at 162; Am. Century Home Fabrics, Inc. v. Ashley Furniture Indus., Inc., 473 F. Supp. 2d 168, 171 (D. Mass. 2007).  Moreover, "[i]n conjunction with the use of this standard, trial courts have wide discretion in making judgments regarding the appropriateness [or inappropriateness] of preliminary injunctive relief."  Charlesbank Equity Fund II, 370 F.3d at 162.

In the instant case, even if it were assumed that Stonestreet could establish a likelihood of success on the merits of her claims, nothing in the record supports a conclusion that she faces irreparable harm in the absence of a preliminary injunction.  By her motion, Stonestreet is seeking to prevent the defendants from collecting money owed under a contested debt obligation.  However, the plaintiff has not established that the defendants are actively pursuing debt collection at this time.  Moreover, to establish "irreparable harm," the plaintiff must show that in the absence of injunctive relief, she will sustain "harm that cannot be recompensed by money damages."  Bear, Stearns & Co., Inc. v. Sharon, 550 F. Supp. 2d 174, 178 (D. Mass. 2008).  To the extent the defendants have been able or will be able to obtain funds from the plaintiff, any such loss may be recovered in the form of money damages.  If there are other types of harm the plaintiff may suffer, she has not established their existence.  Therefore, the plaintiff has not demonstrated that she is entitled to a preliminary injunction at this stage in the litigation.

This court does find that consolidation of a hearing on the plaintiff's request for injunctive relief with a trial on the merits would be an efficient means of resolving this

case. Pursuant to Fed. R. Civ. P. 65(a)(2),[1] a court may "consolidate a preliminary injunction hearing with a trial on the merits" as long as the court "provide[s] the parties with clear and unambiguous notice of its intent to consolidate." Aponte v. Calderon, 284 F.3d 184, 190 (1st Cir. 2002) (quotations and citations omitted). "This notice must be given sufficiently early to allow the parties time to assemble and present their evidence." Id. To date, no hearing has been scheduled to consider oral argument on the plaintiff's motion for injunctive relief, and the parties are in the process of preparing summary judgment pleadings to address the merits of the case. There is sufficient time, therefore, for the parties to address the plaintiff's request for injunctive relief. Accordingly, consolidation is appropriate and the plaintiff's motion is allowed with respect to her request pursuant to Rule 65(a)(2).

## IV.  ORDER

For all the reasons detailed herein, this court hereby ORDERS as follows:

1.	The plaintiff's "Motion to Reconsider" (Docket No. 37) is ALLOWED. The Kreppel defendants' motion to dismiss (Docket No. 32) is deemed to be WITHDRAWN WITHOUT PREJUDICE, and the parties shall comply with the following schedule:

>	A.	By **March 15, 2010**, the plaintiff shall produce to the defendants copies of all relevant documents in her possession.

---

[1] Fed. R. Civ. P. 65(a)(2) provides in relevant part: "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."

        The plaintiff has represented that she is not seeking any additional discovery beyond the automatic discovery required by the Rules.

B.    The defendants shall complete any additional discovery by **April 15, 2010**.

C.    The defendants shall file any dispositive motions by **May 3, 2010**. The plaintiff shall file a response to any such motions within **21 days** from the date of filing of the motion, which may include a cross-motion for dispositive relief.

D.    Any concise statement of material facts that is filed pursuant to Local Rule 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts.

2.    The plaintiff's "Motion to Renew Injunction Based on the Merits of the Case" (Docket No. 39) is ALLOWED IN PART and DENIED IN PART. Specifically, the plaintiff's request to have the hearing on the motion for a preliminary injunction consolidated with a trial on the merits is allowed, but the motion is denied to the extent the plaintiff is seeking immediate injunctive relief.

                / s / Judith Gail Dein
                Judith Gail Dein
                United States Magistrate Judge